# In the United States Court of Federal Claims

No. 21-990T
(Filed: July 28, 2021)
**NOT FOR PUBLICATION**

```
****************************************
JOSEPH NACSA,                          *
                                       *
                    Plaintiff,         *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
                    Defendant.         *
                                       *
****************************************
```

## OPINION AND ORDER

Plaintiff Joseph Nacsa seeks a full refund of taxes paid to the Internal Revenue Service ("IRS") for the years 1979 through 2018. Compl. at 3 (ECF 1). Defendant moved to dismiss.[1] Because Mr. Nacsa has not pleaded facts sufficient to establish jurisdiction or state a claim, the Motion is **GRANTED**, and the case is **DISMISSED**.

Mr. Nacsa's pro se Complaint — which I have reviewed — faces "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but it still must meet this Court's mandatory jurisdictional requirements, *Harris v. United States*, 113 Fed. Cl. 290, 292 (2013); *accord Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). For this Court to have jurisdiction over the case (that is, the power to decide the issues it raises), Mr. Nacsa was required to fully pay his tax obligations and file a claim for refund or credit with the IRS. 26 U.S.C. § 7422(a); *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). He was also obligated to plead his compliance with those jurisdictional prerequisites by providing the information called for in RCFC 9(m), namely:

(A) a copy of the claim for refund, and

(B) a statement identifying:

(i) the tax year(s) for which a refund is sought;

(ii) the amount, date, and place of each payment to be refunded;

---

[1] Def.'s Mot. to Dismiss (ECF 8). Mr. Nacsa has submitted a large number of documents that did not comply with this Court's rules for responses to motions, and which I accordingly rejected. *See* Orders (ECF 9, 10, 11, 12, 13, 14). I therefore deem Mr. Nacsa to have forfeited his response to the motion to dismiss. *See Patterson v. United States*, 218 F. App'x 987, 988 (Fed. Cir. 2007) (noting that the court reminded the plaintiff of a response deadline and proceeded to rule on the motion).

>   (iii) the date and place the return was filed, if any;
>
>   (iv) the name, address, and identification number of the taxpayer(s) appearing on the return;
>
>   (v) the date and place the claim for refund was filed; and
>
>   (vi) the identification number of each plaintiff, if different from the identification number of the taxpayer.

RCFC 9(m)(2).[2] Mr. Nacsa's complaint includes only his name, address, and the four-decade range of tax years to be refunded; it lacks the other required information. There is no indication that Mr. Nacsa has made full payment to the IRS or filed a claim for refund or credit. He has therefore failed to plead facts sufficient to show jurisdiction.[3]

## CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss is **GRANTED**. The complaint is **DISMISSED** without prejudice. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.").

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

---

[2] RCFC 9(m)(1) requires plaintiffs to file the complaint under seal, which Mr. Nacsa also has not done.
[3] Even if this Court had jurisdiction, Mr. Nacsa's claims are meritless. Mr. Nacsa alleges that "because no statutory notice of deficiency or notice of determination" was sent to him for the years at issue, the IRS lacked authority to collect his taxes. *See* Compl. at 1–2. He attaches a copy of a United States Tax Court order dismissing a case he filed there "on the ground that no notice of deficiency or notice of determination was issued to petitioner for taxable years 1979 through 2018 that would permit petitioner to invoke the [Tax] Court's jurisdiction[.]" Compl. Ex. 1; *see Nacsa v. Comm'r of Internal Revenue*, No. 4991-20 (T.C. Oct. 26, 2020) (unpublished). Mr. Nacsa appears to confuse the Tax Court's jurisdiction to hear cases with the IRS's authority to collect taxes. Mr. Nacsa's obligation to pay taxes is not contingent on the IRS sending a notice of deficiency or notice of determination. *See*, *e.g.*, 26 U.S.C. §§ 1, 6011, 6151. His claims would therefore fail as a matter of law.